UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| YVONNE M. REEVES, ) | |
| ) | Civil Action No. 1:11-cv-374 |
| Plaintiff, ) | |
| ) | Judge Collin |
| v. ) | Magistrate Judge Lee |
| ) | |
| BECHTEL CORPORATION and ) | |
| LOCAL #846 LABORERS UNION, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF
DEFENDANT LOCAL #846'S MOTION TO DISMISS
FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED**

Local #846 Laborers Union, one of the Defendants in this civil action, has moved to dismiss the pro se complaint of Yvonne M. Reeves. As is demonstrated below, the motion should be granted because the complaint does not contain allegations or even a hint Local #846 Laborers Union is a person acting under color of state law.

The pro se complaint was brought by Yvonne M. Reeves against Local #846 Laborers Union and Bechtel Corporation under 42 U.S.C. § 1983. Reeves contends she suffered discrimination cognizable under § 1983 and the nature of the alleged discrimination is described in an EEOC charge attached to the complaint. The EEOC charge may be summarized as alleging Local #846 Laborers Union discriminated against Reeves by failing to provide representation after she was placed in a lower paying position by her employer: "Even though my labor union has a grievance procedure in place, the union has refused to act on my behalf because of my gender and my race."

While respectfully disagreeing with the allegation, it is accepted as true for the purposes of the present motion.

To state a claim under § 1983, Reeves must not only suggest the existence of evidence she was deprived of a right guaranteed by the Constitution or laws of the United States, but also that the deprivation was caused by a person acting under color of state law. *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006). When a complaint alleging violation of § 1983 fails to allege any facts suggesting the defendant is a state actor, the complaint fails to state a claim and should be dismissed. *Klottmyer v. Maas*, 436 F.3d 684, 686-7 (6th Cir. 2006). There, the complaint merely contained conclusory allegations the defendant was acting under color of state law, but suggested no facts to underlie the conclusory allegations. *Klottmyer* recites the traditional view that a complaint should be dismissed when it appears Plaintiff can prove no set of facts in support of a claim. More recently, the Supreme Court revised the "no set of facts" standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Under the more contemporaneous standard, Plaintiff's obligation to provide the grounds for relief requires more than labels and conclusions, or a formalistic recitation of the cause of action. Rather, factual allegations must be enough to raise a right to relief above the speculative level on assumption a complainant's allegations are true. Put differently, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lillard v. Shelby County Bd of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

Here, Reeves' complaint fails to contain even the most conclusory allegation Local #846 Laborers Union exercised power possessed by virtue of state law, or was clothed with authority of state law. The complaint does not contain the phrase "color of state law" and there is no hint Local #846 Laborers Union was somehow engaged in state action or engaged in conduct under color of state law. As a result, the complaint does not suggest Local #846 Laborers Union was

serving a function traditionally and exclusively the prerogative of a state. *Graham v. NCAA*, 804 F.2d 953, 950 (6th Cir. 1986).

Because the most generous reading of Plaintiff's pro se complaint does not even contain a conclusory allegation of state action by Local #846 Laborers Union, the complaint fails to state a claim upon which relief should be granted. The complaint should be dismissed for this reason.

    Respectfully submitted,

    s/R. Jan Jennings
    R. Jan Jennings, BPR No. 1536
    *Branstetter, Stranch & Jennings, PLLC*
    227 Second Avenue North, 4th Floor
    Nashville, TN 37201-1631
    Tel. (615) 254-8801
    Email: jan@branstetterlaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing has been served via United States First Class Mail with adequate postage affixed thereon to:

Yvonne Reeves
4411 Bonny Oaks Drive
Chattanooga, TN 37416

This 14th day of February, 2012.

    s/R. Jan Jennings
    R. Jan Jennings

{004252/10251/00246220.DOC / Ver.1}   3
Case 1:11-cv-00374-CLC-SKL   Document 7   Filed 02/14/12   Page 3 of 3   PageID #: 25